IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MILTON VERAN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case Number CIV-05-984-C |
| ) | |
| MARTY SIRMAN, ) | |
| ) | |
| Respondent. ) | |

## **O R D E R**

This action for habeas corpus relief brought by a prisoner, proceeding *pro se*, was referred to United States Magistrate Judge Doyle W. Argo, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B).  Judge Argo entered a Report and Recommendation on September 30, 2005, to which Petitioner has timely objected.  The Court therefore considers the matter de novo.

Petitioner filed the present action, pursuant to 28 U.S.C. § 2241, arguing his sentence as a result of his conviction in Logan County, Oklahoma, in Case No. CF-2001-11, was improperly enhanced by reliance on an earlier conviction in Texas.  In a thorough and well-reasoned Report and Recommendation, Magistrate Judge Argo recommended the action be converted to one brought pursuant to 28 U.S.C. § 2254 and transferred to the Tenth Circuit as a second or successive petition.  In response, Petitioner vehemently denies that his action was brought pursuant to § 2254 and insists that it be decided as a § 2241 petition.  Indeed, Petitioner argues this action can only properly be characterized as an attack on the duration

of his confinement and not its validity, as this Court affirmed the validity of his conviction in CF-2001-11 in Williams v. Sirman, Case No. CIV-04-706-C.

Given Petitioner's insistence that his Petition be construed as brought under § 2241, the Court must dismiss the Petition because § 2241 can provide no relief under these circumstances. The Tenth Circuit's decision in McDaughtery v. Booker, 65 Fed.Appx. 248 (10th Cir. 2003), is instructive on the issue:

> In Bradshaw [v. Story, 86 F.3d 164 (10th Cir. 1996)], the defendant brought a § 2241 petition, arguing that the federal district court that sentenced him used an unconstitutional state conviction to enhance his federal sentence. Id. at 165. This court denied relief, holding that Bradshaw's petition amounted to an attack on the validity of his sentence, not the execution of his sentence. Id. at 166-67. We rejected Bradshaw's argument that the district court's denial of his § 2255 petition demonstrated that § 2255 provided an inadequate remedy. Like the defendant in Bradshaw, McDaughtery claims that the federal district court used an invalid state conviction to enhance his federal sentence. Also, as was the case in Bradshaw, the defendant in the instant case fails to demonstrate that § 2255 provides an inadequate remedy. For substantially the same reasons stated by the district court, we conclude that a § 2241 petition is not the appropriate vehicle for this challenge and thus must be dismissed.
>
> The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

McDaughtery, 65 Fed.Appx. at 249.[*] Thus, as Magistrate Judge Argo recommended, because Petitioner seeks to proceed pursuant to 28 U.S.C. § 2241 the present case must be dismissed.

---

[*] Although McDaughtery is unpublished, its reasoning is persuasive to the case at bar. Further, its holding, that challenges to sentence enhancement cannot properly be brought in a § 2241 proceeding, is taken from Bradshaw which is binding precedent.

Were the Court to ignore Petitioner's demands and consider this case as brought pursuant to 28 U.S.C. § 2254, transfer to the Tenth Circuit as a second or successive petition would be required for the reasons explained by Judge Argo in the Report and Recommendation. Petitioner offers nothing in his objection to warrant a different result.

Accordingly, to the extent it recommends dismissal of the petition as improperly brought pursuant to 28 U.S.C. § 2241, the Court adopts the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, DISMISSES this petition for habeas corpus relief. Petitioner has also filed a Motion to Amend his Petition and a request to extend the time to object to the Magistrate Judge's Report and Recommendation. As the issues herein are legal, not factual, the Court finds no amendment could cure the defect and Petitioner's Motion (Dkt. No. 14) will be DENIED. A judgment will enter accordingly.

IT IS SO ORDERED this 18th day of October, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge